**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

STEVEN J. SALMON,
                       Plaintiff,

-vs-                                                           Case No. 6:08-cv-1646-Orl-31KRS

POOLEY ENTERPRISES, INC.,
WANDA POOLEY,
RICHARD L. POOLEY,
                       Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. No. 19)** |
| **FILED:** | **March 25, 2009** |

**I.    PROCEDURAL HISTORY.**

      This case was brought by Plaintiff Steven J. Salmon under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Salmon and Defendants Pooley Enterprises, Inc., Wanda Pooley, and Richard I. Pooley seek the Court's approval of their settlement.

      Under the settlement agreement, Salmon will receive $1,500.00 in unpaid wages and $1,500.00 in liquidated damages as a settlement of his FLSA claims. Doc. No. 19-2 at 2; *see also* Doc. No. 21-2 ¶ 7. In his answers to the Court's interrogatories, Salmon averred he was owed $3,815.14 in overtime compensation for Defendants' alleged violations of the FLSA. Doc. No. 9 at 2. The parties represent

that the amount Salmon will receive "reflects a reasonable compromise of the disputed issues" based on "independent calculations" and formulation of separate settlement figures. *Id.* at 4. Salmon avers that after reviewing documents produced by Defendants, he concluded that he was owed $1,132.82 in unpaid overtime compensation and an equal amount in liquidated damages. Doc. No. 21-2 ¶¶ 4-6. Therefore, Salmon agrees that the amount he will receive under the settlement "will fully compensate" him for all overtime compensation and liquidated damages he is owed. *Id.* ¶ 8.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009),[1] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case in which a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

**III.    ANALYSIS.**

   *A.    Settlement Recovery.*

Salmon avers he is "owed $1,132.82 in unpaid overtime from Defendant, Pooley Enterprises, Inc. and an equal sum of liquidated damages," Doc. No. 21-2 ¶ 6 , rather than the amount he initially averred he was due. The parties represent that Salmon's attorney counseled and represented him throughout the litigation and settlement process. Doc. No. 19-2 at 1 ¶ 2. The Settlement Agreement reflects that Salmon voluntarily entered into the settlement. *Id.*

In light of Salmon's affidavit, the Court finds he has not compromised his claim. Accordingly, the Court need not scrutinize the settlement further to consider whether the payment to Plaintiff's attorney is reasonable.

   *B.    Fairness Finding.*

Salmon has not compromised his FLSA claim. Accordingly, I find the settlement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354. The Court need not approve the other provisions of the settlement agreement. I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

**IV. RECOMMENDATION.**

For the forgoing reasons, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT** the Joint Motion for Approval of Settlement and To Dismiss Action with Prejudice, Doc. No. 19;

3. **DISMISS** the case with prejudice;

4. **PROHIBIT** counsel for Salmon from withholding any portion of the $3,000.00 payable to Salmon under the settlement agreement pursuant to a contingent fee agreement or otherwise;

5. **ORDER** counsel for Salmon to provide a copy of the Court's Order to Salmon;

6. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

7. **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 28, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE